BURKE HUBER, ESQ.
Nevada Bar No. 10902
RICHARD HARRIS LAW FIRM
801 South Fourth St.
Las Vegas, NV 89101
Tel.    (702) 444-4444
Fax    (702) 444-4455
Email: burke@richardharrislaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LINDA SCHMIDT, an individual, | CASE NO.: 2:19-cv-01687-GMN-BNW |
| Plaintiffs, | State Court Case No.:A-19-800701 |
| vs. | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| NEVADA CVS PHARMACY, LLC; a Nevada Limited Liability; ALYSHA RIZO, an individual; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive, | |
| Defendants. | **SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Federal Rule of Civil Procedure 26(f), ALL Defendants and Plaintiff, LINDA SCHMIDT, through their respective counsel, submit the following proposed Discovery Plan and Scheduling Order.

///

///

///

///

///

///

///

STATEMENT OF REASONS FOR SPECIAL SCHEDULING REVIEW REQUEST

Counsel for the parties anticipate that discovery will be delayed because of the Coronavirus. The Parties request that discovery not begin until August 31, 2020.

(1) <u>Discovery Cut Off Date</u>.   The parties request the standard discovery period stated in LR 26(b)(1) of eighteen months from the date of the Defendant Alysha Rizo's first appearance, which was March 10, 2020.  Therefore, the parties request that the discovery period close on **September 8, 2021**.

(2) <u>Amending the Pleadings and Adding Parties</u>.  The date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the close of discovery**: June 10, 2021.**

(3) <u>Expert Witness Disclosures</u>.  The disclosure of any expert witnesses shall be made sixty (60) days before the discovery deadline:  **June 10, 2021**.  The disclosures of any rebuttal experts shall be due thirty (30) days after the initial disclosures of experts:  **July 12, 2021** [July 10 being a Saturday]. The requirements of F.R.C.P. 26(a) (2) (B) shall apply to any such disclosures.

(4) <u>Dispositive Motions.</u>  Dispositive motions shall be filed not later than thirty (30) days after the discovery cut-off date:  **October 8, 2021**.

(5) <u>Pretrial Order</u>.  The Joint Pretrial Order shall be filed not later than thirty (30) days after the date set for filing dispositive motions:  **November 30, 2021.**  However, in the event that dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after a decision on the dispositive motions or further order of the Court.

(6) <u>Joint Interim Status Report</u>    The parties shall file a Joint Interim Status Report as required by LR26-3 no later than **August 3, 2021**.

(7) <u>Rule 26(a) (3) Disclosures</u>.  The disclosures required by Rule 26(a) (3) and any objection thereto shall be included in the Pretrial Order.

The parties will make their Initial Disclosures on or before **August 31, 2020**.

(8) <u>Electronically Stored Information</u>.  The parties have undertaken efforts to retain any electronically stored information relevant to this matter and have agreed that, unless the requesting party asks for a definite and specific form, the party producing any electronically stored information need not provide such information in any certain form as long as the form provides the other party (ies) reasonable access to the information.  The parties have further agreed that, to the extent any party seeks electronically stored information that would be cumulative, burdensome or unduly costly to produce, counsel for the parties will confer in good faith to reach a mutual agreement regarding the production of such information.  The parties have further agreed that in the event a discovery request asks another party to search an electronic database or repository that the party making the discovery request shall supply the search terms that establish the parameters of the request.

(9) <u>Protection of Privileged/Trial Preparation Materials</u>.  The parties do not anticipate that a protective order will be necessary.

(10)  <u>Subjects on Which Discovery Will be Conducted</u>.   The parties agree that discovery will be needed on the Plaintiff's claims, Defendants' denials and the affirmative defenses raised in the Answers.  No changes should be made on the limitations of discovery imposed under Federal Rules of Civil Procedure or local rules.

(11) <u>Alternative Dispute Resolution</u>.   The parties certify they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and early neutral evaluation.

(12) <u>Alternative Forms of Case Disposition.</u>   The parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the use of the Short Trial Program (General Order 2013-01).

(13) <u>Electronic Evidence</u>.  The parties certify they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Discussions between the parties will be ongoing as the trial date approaches and any electronic evidence will be presented in a format compatible with the court's electronic jury evidence display system.

///

Discovery does not need to be conducted in phases or limited or focused on particular issues.

/s/ *Burke Huber*
_____
Burke Huber, Esq.
Nevada Bar # 10902
**RICHARD HARRIS LAW FIRM**
801 S/ 4th Street
Las Vegas, NV 89101
(702) 444-4444/ 444-4455 fax

/s/ LeAnn Sanders
_____
LeAnn Sanders, Esq.,
Nevada Bar #390
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Parkway, Ste. 200
Las Vegas, Nevada 89141
Telephone: 702-384-7000
*Attorney for Defendants Nevada*

*CVS Pharmacy, LLC*

**IT IS ORDERED that ECF No. 25 is DENIED** without prejudice. The parties do not identify with any specificity why they cannot begin discovery for more than three months and why they will need over an additional year for discovery. The Court is sympathetic to the delays that COVID-19 has caused and is causing many parties. Still, the Court asks parties to move forward with their cases to the extent that they can in a safe manner.

Accordingly, **IT IS FURTHER ORDERED** that the parties must file a new proposed discovery plan and scheduling order that complies with LR 26-1 by 5/22/2020. The parties may seek up to an additional 60 days beyond the normal discovery period at this time (and if they cannot safely complete discovery in this period, they may seek extensions in the future).

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
Dated: 5/13/2020

**Page 4 of 4**