**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LINDA SCHMIDT, | ) |
| Plaintiff, | ) Case No.: 2:19-cv-01687-GMN-BNW |
| vs. | ) |
| | ) **ORDER** |
| CVS PHARMACY, INC., *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Remand, (ECF No. 14), filed by Plaintiff Linda Schmidt ("Plaintiff"). Defendant Nevada CVS Pharmacy, LLC ("CVS") filed a Response, (ECF No. 17), and Plaintiff did not file a reply. For the reasons stated below, Plaintiff's Motion to Remand is **GRANTED**.

**I.     BACKGROUND**

This is a premises liability action removed from state court. Plaintiff alleges that on July 3, 2019, while exiting CVS's property, Plaintiff slipped on a red, plastic sign and fell. (Am. Compl. ¶¶ 10, 11, ECF No. 10). Plaintiff further alleges that as a result of the fall, Plaintiff suffered serious injuries, which required medical treatment. (*Id.* ¶¶ 19–21).

On August 22, 2019, Plaintiff commenced this negligence action against CVS in Clark County District Court, Nevada. (*See* Compl., Ex. A to Petition for Removal, ECF No. 3). On September 27, 2019, CVS removed this action to federal court on the basis of diversity jurisdiction. (Petition for Removal, ECF No. 1). Plaintiff subsequently filed an Amended Complaint, (ECF No. 10), naming Alysha Rizo ("Rizo") as a defendant, and adding a claim for negligent training and supervision. According to the Amended Complaint, Rizo "is the manager at Defendant CVS, and the manager on duty at all times relevant." (Am. Compl. ¶ 4).

Both Rizo and Plaintiff are citizens of Nevada. (*Id.* ¶¶ 1, 3). Plaintiff now moves to remand to state court. Plaintiff also requests attorney's fees pursuant to 28 U.S.C. § 1447(c).

## II.   LEGAL STANDARD

District courts have subject matter jurisdiction over: (1) civil actions arising under federal law, and (2) civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). A defendant may remove an action to federal court only if the district court has subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III.   DISCUSSION

### A.   Motion to Remand

Plaintiff, a citizen of Nevada, moves to remand this case to state court, arguing that Defendant Rizo is also a Nevada citizen, and therefore, destroys diversity. (Mot. Remand ("Mot.") at 2, ECF No. 14). CVS does not dispute that Rizo is a Nevada citizen, but argues that she was fraudulently joined in this action and her citizenship should be ignored for purposes of subject matter jurisdiction. (Resp. to Mot. Remand ("Resp.") at 4–5, ECF No. 17).

From the face of the Amended Complaint, it is clear that the Court is without subject matter jurisdiction. Federal question jurisdiction is not at issue as all claims arise under state law. (*See* Am. Compl. ¶¶ 23–45, ECF No. 10). Diversity jurisdiction is not satisfied because Plaintiff and Rizo are Nevada citizens. (*Id.* ¶¶ 1, 3). Notwithstanding the Court's lack of subject matter jurisdiction, CVS raises the doctrine of fraudulent joinder to support this Court's retention of the case. (Resp. at 5–6).

"Fraudulent joinder is a term of art." *McCabe v. Gen. Foods. Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Joinder is fraudulent, for the purposes of determining subject matter jurisdiction, if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (citing Moore's Federal Practice (1986) ¶ O.161[2]). A court "must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445–46 (8th Cir. 2010) (defendant must establish that there is no "colorable claim" against the alleged sham defendant).

Here, Plaintiff alleges a negligence claim against Rizo, the manager of the subject CVS property. To prevail on a negligence claim in Nevada, "a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

In the Amended Complaint, Plaintiff alleges Rizo maintained, and was in control of, CVS's property at all times relevant. (Am. Compl. ¶¶ 4, 12). Plaintiff further alleges that on July 3, 2019, Plaintiff was an invitee on CVS's property. (*Id.* ¶ 10). Plaintiff asserts that CVS and Rizo "did not properly manage, maintain, control, inspect, operate, supervise, and/or monitor the premises in a reasonable and safe manner," thereby allowing a red, plastic sign to fall and remain on the ground in the exit walkway. (*Id.* ¶¶ 11, 13). According to Plaintiff, Rizo breached her duty to Plaintiff by not properly keeping the exit walkway clear of slipping hazards, and this breach resulted in Plaintiff's severe injuries. (*Id.* ¶¶ 30, 31). Accordingly, the Court finds Plaintiff alleges a colorable claim against Rizo.

While CVS correctly notes that an employer is vicariously liable based on the doctrine of respondeat superior, if its employee's negligent acts were within the course and scope of

employment, (Resp. at 6), "[w]hether the employer is held vicariously liable for the [employee's] conduct, . . . does not affect the [employee's] independent tort liability." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 765 (7th Cir. 2009); *see* Restatement (Third) of Agency § 7.02, at 138 (2006) (providing that an agent is subject to tort liability to a third party harmed by the agent's conduct when said conduct breaches a duty that the agent owes to the third party); *see also Lieberman v. Wal-Mart Stores, Inc.*, No. 2:12-cv-1650-JCM-PAL, 2013 WL 596098 at *3 (D. Nev. Feb. 15, 2013).

Here, Plaintiff sufficiently alleges that Rizo managed and controlled CVS's property, and thus owed a duty to invitees like Plaintiff to maintain the premises in a safe condition. Thus, it is possible that a state court would find the Amended Complaint states a negligence cause of action against Rizo. As such, the Court "must find that [Rizo] was properly joined and remand the case to state court." *Grancare, LLC*, 889 F.3d at 549. [1]

### B.   Request for Attorney's Fees

Plaintiff's counsel requests $1,800.00 in attorney's fees for drafting the instant Motion to Remand, arguing that CVS "removed this action when it knew that complete diversity did not exist from the outset." (Mot. at 4). Costs and attorney's fees may be awarded against CVS if its decision to remove was objectively unreasonable.

"Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC*, 889 F.3d at 552 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)); 28 U.S.C. § 1447(c). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be

---

[1] Having found that Plaintiff alleges a colorable negligence claim against Rizo, the Court need not address the claim for negligent training and supervision.

awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

At the time of removal, Plaintiff had not yet amended her Complaint, and therefore, Rizo had not been named as a defendant. (*See* Petition for Removal) (filed Sept. 27, 2019); (Am. Compl.) (filed Oct. 8, 2019). While Plaintiff maintains that her initial Complaint named Rizo as "Doe Manager," fictitious defendants are disregarded for the purpose of determining diversity. 28 U.S.C. § 1441(b)(1). Given the diversity of citizenship between CVS and Plaintiff, removal was not objectively unreasonable. An award of costs and attorney's fees would therefore be improper. Accordingly, Plaintiff's counsel's request is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 14), is **GRANTED**. This matter shall be remanded to Clark County District Court.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees is **DENIED**. The Clerk of the Court shall close this case.

**DATED** this __31__ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court